IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF OKLAHOMA

MARIO WILLIAMS,
    PLAINTIFF,

vs.

CORECIVIC, et al.,
    DEFENDANTS.

CASE NO. CIV-22-234-RAW-JAR

FILED
FEB 10 2023
BONNIE HACKLER
Clerk, U.S. District Court
By_____ Deputy Clerk

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW, MARIO WILLIAMS, PRO SE LITIGANT, FILES HIS RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT. (DOC. 23)

A DEFENDANT MAY TRY TO GET A CASE DISMISSED BY FILING ONE OF THE MOTIONS PERMITTED UNDER RULE 12 OR 56, FED. R. CIV. P. IF THE DEFENDANT'S ANSWER DOES NOT RESPOND TO ONE OF THE FACTUAL PARAGRAPHS IN THE COMPLAINT, THAT PARAGRAPH IS TAKEN AS ADMITTED. (RULE 8(b), FED. R. CIV. P.)

IN THIS CASE, THE DEFENDANTS HAVE CHOSE TO ONLY ARGUE "FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES" TO ALL THE PLAINTIFF'S ALLEGE CLAIMS, THUS, WAIVING ALL RIGHTS TO ADDRESS THE MERITS OF ALL SAID CLAIMS IN HIS COMPLAINT — UNDISPUTED.

SUMMARY JUDGMENT IS TO BE GRANTED ONLY IF THE RECORD BEFORE THE COURT SHOWS "THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT THE MOVING PARTY IS ENTITLED TO A JUDGMENT AS A MATTER OF LAW." RULE 56(c), FED. R. CIV. P. A "MATERIAL" FACT IS ONE THAT "MIGHT" AFFECT THE OUTCOME OF THE SUIT UNDER THE GOVERNING LAW." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A REASONABLE JURY COULD FIND FOR THE PLAINTIFF BASED ON THE FACTS IN THE PLAINTIFF'S DECLARATION, AND SUMMARY JUDGMENT MUST THEREFORE BE DENIED.

DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGEMENT

MARIO WILLIAMS STATES:

1. I am the Plaintiff in the above-entitled case. I make this declaration in opposition to Defendants' Motion for Summary Judgement on my claims pertaining Religious Freedoms, Excessive Force, RLUIPA, and Equal Treatment by Defendants Cade Luiz, W/W Albaugh, and Officer Nieto Deliberately.

2. The Defendants' Affidavit/Allegations claim, in summary, Plaintiff failed to first exhaust administrative remedies regarding all claims brought forward to the Court.

3. The Defendants are not entitled to Summary Judgement because there are genuine issues of materials fact to be resolved. These issues are identified in the accompanying statement of disputed factual issues filed by the Plaintiff pursuant to Local Rule 56.1 of this district court. The facts are set out in this declaration.

4. Plaintiff properly exhaust administrative remedies regarding all his Eluma Yhadaya grievances #22-157-G "Excessive Force" (Doc. 23-4 at 8), #22-164-G "Halal" (Doc. 23-4 at 12), and #22-186-G "Ramadan" (Doc. 23-4 at 15).

5. All said grievances were "Granted" by DCF Reviewing Authority "R/A".

6. DDOC Administrative Reviewing Authority does not review "Granted" grievances ruled by DCF's R/A.

7. All other grievances recounted by the Defendants are moot (#22-123-G, #22-188-G, and #22-215-G), and should not be considered in his claims.

8. The foregoing factual allegations create a genuine issue of material fact and will, if proven at trial, support a judgement in my favor, as explained in the brief submitted with this declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 2/16/23 | M. Underwood DCF, Holdenville, OK. |
| DATE | NAME, ADDRESS |

## PLAINTIFF'S STATEMENT OF DISPUTED FACTUAL ISSUES

Defendants have moved for summary judgement on the Plaintiff's claims concerning Religious Freedom, Equal Treatment, and Excessive Force. Pursuant to Local Rule of this court, the plaintiff submits the following list of genuine issues of material fact that require the denial of Defendants' motion.

### Exhaustion of Administrative Remedies:

1. Whether plaintiff properly exhausted his administrative remedies.

2. Whether plaintiff was required to appeal "granted" relief to the A.R.A.

3. Whether the A.R.A. accepts granted relief appeals from the R/A.

4. Whether Defendants waived all rights to address plaintiff claims on its merits by only bringing a defense of exhausting administrative remedies.

5. Whether the affidavit of Terry Underwood is considered perjury or is her understanding of ODOC grievance policy, along with her 11 years of being a grievance coordinator at DCF, evidence of improper training by Core Civic.

| | |
|---|---|
| 2/16/23 | M. Underwood DCF, Holdenville, OK. |
| DATE | NAME, ADDRESS |

ii

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
SUMMARY JUDGMENT MOTION

STATEMENT OF THE CASE

This is a §1983 action filed by a prisoner at Davis Correctional Facility seeking damages, declaratory and injunctive relief based on religious freedoms, equal treatment, and excessive force. Defendants have filed a motion for summary judgment as to the alternenxion claims, only exerting failure to exhaust administrative remedies. Thus, Plaintiff not having the right to file his complaint in this court.

STATEMENT OF FACTS

The plaintiff's declaration submitted in response to defendant's motion states he exhausted administrative remedies as to his claims by filing 3 grievances (#22-157-G, #22-164-G, and #22-186-G), and that all 3 grievances were granted relief by the R/A, and that the J.R.A. does not accept appeals of granted relief from the R/A. Thus, completing the exhaustion process.

The defendants' allegation/affidavit tell a different story. They claim the plaintiff failed to exhaust his administrative remedies by not using the final step process to appeal to the DOCC J.R.A., regardless to receiving granted relief by the facility R/A. Because plaintiff failed in this process, Defendants asserts, this court lacks jurisdiction to accept plaintiff's complaint, per the R.L.R.A.

!!!

## ARGUMENT AND AUTHORITY

There are genuine issues of material fact that preclude summary judgment for the defendants on the plaintiff's:

### PROPOSITION I

#### PLAINTIFF PROPERLY EXHAUSTED HIS ADMINISTRATIVE REMEDIES AS TO ALL HIS CONSTITIONAL CLAIMS

Of course, "prisoner is not required to appeal a favorable resolution of his grievance to exhaust administrative remedies". Florence v. Berrios, 212 F. App'x 772, 724 (10th Cir. 2006) Having no adverse response to address in the grievance, plaintiff had no duty to continue with the exhaustion process. See Florence, 212 F. App'x at 724. Further, the notation "Relief Granted" effectively ended plaintiff's exhaustion process. Fisher v. Aguerosa, No. CIV-12-231-F, 2013 WL 676170, at *4 (W.D. Okla. 1/7/13) (unpublished report and recommendation) (finding that once officials mistakenly rejected the prisoner's grievance and effectively prohibited additional arguments, "further administrative remedies became unavailable for purposes of the P.L.R.A."). Barnes v. Allread, 482 F. App'x 308, 311 (10th Cir. 2003) (A grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provide prison officials with enough information to investigate and address the inmates' complaint internally.") Even courts that do not cite the "object intelligibly" standard have generally not required a great deal of specificity and detail in grievances where the grievance policy did not require it, and have not accepted hypertechnical arguments by prison officials that grievances were inadequate. (Kikumura v. Hurley, 242 F.3d 950, 956 (10th Cir. 2001). Carter v. Symmes, 2008 WL 341640, *5 (D. Mass., Feb. 4, 2008) (issue not raised in the grievance, but spelled out in a timely letter from counsel, and actually investigated by defendants, was exhausted.)

1.

In this case, the record clearly shows that the Plaintiff properly exhausted his administrative remedies involving his claims. Plaintiff submitted 3 grievances (#22-157-G, #22-164-G, and #22-186-G), in his complaint as exhibits to his claims. Oxendine v. Kaplan, 341 F.3d 1272, 1275 (10th Cir. 2001): "For the proposition that the 'court' may look to both the complaint itself and to any documents attached as exhibits to the complaint."

## EXHAUSTED GRIEVANCES

- **#22-157-G:** This grievance was deemed "granted." DDOC and the PLRA deem all grievances "granted" as properly exhausted. Albeit, the Defendants are claiming because the Plaintiff missed the allege date of the incident by one day (3/30/22 instead of 3/31/22), that his grievance should be considered unexhausted. Plaintiff asserts, he gave the Defendants enough information to investigate this matter. Such as, cell block, approximate time, name of posted officer present, and the incident itself. The record shows the Defendants knew of the incident but chose to ignore or attempted to "side step" the Plaintiff's complaint (RJS), which a incident report was taken by OCF staff. (Doc. 18-2 at 2-8). Plaintiff should not be taken to task because the Defendants are attempting to find ways to spring a "got cha" trap regarding non exhaustion.

- **#22-164-G:** This grievance was deemed "granted", and had no further access to exhaust to the ARA per DDOC Policy and PLRA. (Doc. 23-4 at 12.)

- **#22-186-G:** This grievance was deemed "granted", and had no further process to exhaust to the ARA. (Doc. 23-4 at 18.)

2.

<u>All other grievances submitted by the defendants are moot:</u>

• <u>#22-123-G</u>: Although the DCF Grievance Coordinator swore that Chief Brown "timely" responded to the Plaintiff's RTS (Doc. 23-2, Pg. 4 at 8), the record clearly shows this to be very untrue. Plaintiff had to submit a non-response grievance to get the Chief to respond because he had not done so in a "timely" manner in accordance with ODOC Policy. (Doc. 23-4 at 2-3) Further, this grievance was granted.

<u>#22-188-G and #22-215-G</u>: Again, Chief Brown refuse to answer Plaintiff's RTS in a timely manner. In a attempt to further get the incident of 3/31/22 properly investigated, Plaintiff submitted a RTS after speaking with Chief Brown about checking the video for a different date. (Doc. 23-4 at 29). Chief Brown stated the response from grievance #22-157-G completed this incident. (Doc. 23-4 at 23). The stated grievance (#22-157-G) by the Chief, "granted" the Plaintiff's request. Thus, exhausting the process. Although Plaintiff had no duty to file a appeal to the RA or ARA, he did so in a attempt to remedy the situation. The DCF RA unjustifiably deemed the Plaintiff's RTS out-of-time from the incident, when in-fact, it was timely from the time Plaintiff "spoke" with Chief Brown about checking the video for different dates. Albeit, Plaintiff properly completed the exhaustion process in this grievance.

<u>CONCLUSION</u>

For the foregoing reasons, there is no dispute that Plaintiff exhausted administrative remedies regarding Religious Freedoms, Equal Treatment, and Excessive Force. This Court should therefore deny Summary Judgment

3.

For the Defendants, and grant Plaintiff's claims against CoreCivic, A/W Moriarity, and Marco Delborsque (John Doe), leaving for trial only the measure of Plaintiff's damages.

2/6/23
DATE

M. Williams
Mario Williams, DCF, Holdenville, OK.

# CERTIFICATE OF SERVICE

I certify that on 2/6/23, 2023, I filed these documents with the below mention listed names, via U.S. Postal Service:

Clerk, U.S. District Court for the
Eastern District of Oklahoma

and,

J. Ralph Moore, P.C.
Attorneys at Law
P.O. Box 368
Pryor, OK. 74362

M. Williams
Plaintiff, Mario Williams